REILLY, P.J. (dissenting).
¶42 The question before us is whether the insurers breached their duty to defend the District between July 16, 2013, the date the complaint was filed, and January 14, 2014, the date the insurers agreed to provide a defense under a reservation of rights. The Majority concludes that the insurers did not breach their duty to defend as "the District fails to provide sufficient proof and legal authority to show that the insurers' delay in paying for *309 a defense constitutes a breach of their duty to defend." Majority, ¶1. The Majority's analysis is incorrect as (1) the District has no burden to provide "sufficient proof" and (2) there was no "delay" in paying-the insurers outright refused to pay the $50,000 in damages incurred by the District in defending itself during the first six months of the litigation.
¶43 The correct legal analysis is set forth in Water Well : we examine the complaint with the policy, and if any arguable covered claim is raised in the complaint, then the insurer owes a duty to defend. Water Well Sols. Serv. Grp. Inc. v. Consolidated Ins. Co. , 2016 WI 54, ¶¶ 15-16, 369 Wis.2d 607, 881 N.W.2d 285. The Majority admits that the insurers were obligated to both indemnify and defend the District, Majority, ¶¶1, 25, which necessarily dictates the conclusion that the insurers breached their duty to defend because if the duty to indemnify existed, then the duty to defend always existed.[1]
¶44 Insurance policies are contracts : a contract to defend against arguable "claims for damages" and a separate contract to indemnify against actual "damages or losses." Water Well , 369 Wis.2d 607, ¶ 14, 881 N.W.2d 285 (citation omitted); see also *209 Fireman's Fund Ins. Co. v. Bradley Corp. , 2003 WI 33, ¶20, 261 Wis.2d 4, 660 N.W.2d 666 ("The duty to defend is necessarily broader than the duty to indemnify because the duty to defend is triggered by arguable, as opposed to actual, coverage."). The duty to defend arises if there are "arguable" claims, whereas the duty to indemnify requires the insurer to pay "actual" damages or losses covered by a *310 policy. The duty to defend is not synonymous with the issue of coverage. The issue of coverage goes to the question of a duty to indemnify. To the extent that reported cases have casually included the term "coverage" within the analysis of the contractual duty to defend, that is incorrect in light of Water Well .
¶45 Water Well is crystal clear that the duty to defend is a question of law in which we "compare the four corners of the underlying complaint to the terms of the entire insurance policy." Water Well , 369 Wis.2d 607, ¶ 15, 881 N.W.2d 285. Water Well expressly ''prohibits a court from considering extrinsic evidence when determining whether an insurer breached its duty to defend."[2] Id. Our supreme court was asked in Water Well to "establish a limited exception to the four-corner rule that would allow [a party] to submit extrinsic evidence to dispute [an insurer's] unilateral decision to refuse to defend." Id. , ¶ 18. Water Well categorically rejected any exception: "We now unequivocally hold that there is no exception to the four-corners rule in duty to defend cases in Wisconsin." Id. , ¶ 24.
¶46 The Majority errs in two ways: failing to conduct the four-corners test and considering extrinsic evidence. Had the Majority performed the four-corners test, it would have come to the same conclusion that Judge Martens did in the circuit court when he applied the test described by Water Well : the complaint alleges a claim of negligence that falls within the policy and no exclusions apply. The Majority also errs in its *311 reliance upon extrinsic evidence (what the District's private counsel did or did not do, what "proof" the District offered, etc.) and its reliance upon cases in which the insured was in fact provided with a defense, albeit, under a reservation of rights.
¶47 I have no objection to an insurer preserving its objection to its duty to defend so as to offer extrinsic evidence on its duty to indemnify, but to do so it should retain counsel for its insured under a reservation of rights. See Reid v. Benz , 2001 WI 106, ¶ 5, 245 Wis.2d 658, 629 N.W.2d 262 ; see also Estate of Sustache v. American Family Mut. Ins. Co. , 2008 WI 87, ¶ 29, 311 Wis.2d 548, 751 N.W.2d 845. Proceeding under a "reservation of rights" allows an insurer to offer extrinsic evidence while at the same time honoring its contractual duty to defend. If it is found that the insurer has no duty to indemnify, then it can cease its defense at that time. The insurer's alternative is to refuse a defense, but if it takes this route it does so "at its own peril." Water Well , 369 Wis.2d 607, ¶ 28, 881 N.W.2d 285 (citation omitted).
¶48 Our case is akin to Elliott v. Donahue , 169 Wis.2d 310, 315, 485 N.W.2d 403 (1992). The insured had paid his premiums for defense of "arguable" claims and was forced to hire an attorney at the insured's own expense for a claim that arguably fell within the policy as a covered claim. Had the insurer provided a defense under a reservation of rights, the insured in Elliott would have received what he paid for (defense *210 of arguable claims), while the insurer likewise would have had the ability to litigate its duty to indemnify (allowing the insurer to offer extrinsic evidence as to whether it owed a duty to indemnify).[3] ibr.US_Case_Law.Schema.Case_Body:v1">See id. at 320-23, 485 N.W.2d 403. *312 ¶49 The insurers in our case refused to provide a defense; therefore, their option was either to do nothing (and risk being sued separately by their insured) or seek a declaration from the circuit court as to their duty to defend, i.e., ask the court to declare after examining the complaint and the policy whether any arguable claim was pled. This is a simple operation for the circuit court as no extrinsic evidence is allowed. Put simply, if it is fairly debatable that the complaint alleges an "act" or "occurrence" under the applicable insurance policy, then the insurer owes a duty to defend.[4] See Red Arrow Prods. Co. v. Employers Ins. of Wausau , 2000 WI App 36, ¶ 17, 233 Wis.2d 114, 607 N.W.2d 294 ("An insurer has a duty to defend if the existence of coverage is fairly debatable.").
¶50 Like the insured in Elliott , the District was left hanging when the insurers refused their duty to defend the District during the first six months of the litigation despite an arguable claim having been pled in the complaint. The District had already paid for a defense (via its premiums), and yet it was forced to pay for its own defense as a result of its insurers' breach. The insurers guessed wrong about their duty to defend, and the law is clear that they did so at their own peril. Water Well , 369 Wis.2d 607, ¶¶ 27-28, 881 N.W.2d 285 ; Elliott , 169 Wis.2d at 321, 485 N.W.2d 403. I respectfully dissent as the insurers *313 should owe all damages flowing from their breach of their duty to defend for the period of July 16, 2013, to January 14, 2014.[5]

The Majority admits that if a policy covers at least one claim in a complaint, then an insurer has a duty to defend. Majority, ¶22. The Majority also admits that the duty to defend is broader than the duty to indemnify. Id.

Our supreme court has directed a three-step analysis when considering the issue of whether an insurer owes a duty to defend. Water Well Sols. Serv. Grp. v. Consolidated Ins. , 2016 WI 54, ¶ 16, 369 Wis.2d 607, 881 N.W.2d 285. The only two documents considered are the complaint and the policy. Id. , ¶ 15.

I do not address the distraction of requesting a "stay" and it implications as to Elliott v. Donahue , 169 Wis.2d 310, 318, 485 N.W.2d 403 (1992), and Reid v. Benz , 2001 WI 106, ¶¶ 3, 16, 245 Wis.2d 658, 629 N.W.2d 262, as under our supreme court's decision in Water Well , the "stay" decision is unnecessary within the duty to defend analysis as all the court needs to make its ruling is the complaint and the policy.

Provided the complaint, when compared to the insurance policy, survives the three-step Water Well analysis. Water Well , 369 Wis.2d 607, ¶ 16, 881 N.W.2d 285.

The insurers' argument that they can retroactively impose a fee agreement upon another party's attorney is incredible. An insurer has no right to impose its own fee guidelines on another party's attorneys.